UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

    - against -

JASON W. GALANIS,
JOHN P. GALANIS,
JARED M. GALANIS,
DEREK M. GALANIS,
GARY T. HIRST, and
GAVIN L. HAMELS,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ECF Case

No. 15 Civ. 7547 (VSB)

# THE GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION TO INTERVENE AND FOR A LIMITED STAY OF DISCOVERY

        PREET BHARARA
        United States Attorney for the
        Southern District of New York
        Attorney for the United States
           of America.

BRIAN R. BLAIS
ANDREW BAUER
AIMEE HECTOR
DINA MCLEOD
Assistant United States Attorneys

   *- Of Counsel -*

**PRELIMINARY STATEMENT**

The United States of America, by and through the United States Attorney for the Southern District of New York ("the Government"), respectfully submits this memorandum in support of its application (i) to intervene in the above-captioned case, pursuant to Rule 24 of the Federal Rules of Civil Procedure, and (ii) to stay depositions, interrogatories, requests for admission, and production of transcripts of testimony before the Securities and Exchange Commission ("SEC") and notes of interviews with, and any form of discovery that would create statements of, any person whom the Government asserts may be called as a witness in the criminal prosecution, until the conclusion of the parallel criminal case, *United States* v. *Jason Galanis et al.*, 15 Cr. 643 (PKC) (the "criminal action").

Because no counsel for any of the defendants has entered a notice of appearance in this matter, the Government has contacted criminal counsel for each of the defendants in the parallel criminal matter in order to ascertain their position on the Government's stay motion in this matter. The Government contacted counsel for these defendants on September 29, 2015 and again on October 16, 2015. To date, counsel for Derek Galanis has indicated that he does not oppose the Government's motion for a stay in the matter. Counsel for the other defendants have not to date responded to the Government's request for a statement of their position with respect to the Government's stay motion.

Courts in this district frequently stay civil discovery when there is a parallel criminal prosecution, as there is here. A stay is especially appropriate where, as here, the Government seeks only a limited stay, with respect to discovery that would effectively be Jencks Act material in the criminal action. The SEC does not oppose this motion.

**FACTUAL BACKGROUND**

This case, and the parallel criminal action, arise out of the same underlying events. The facts set forth below are detailed in the indictment filed in the criminal action, which was unsealed on September 24, 2015, and are reflected in the SEC's complaint in this civil action as well.[1]

From 2009 to 2011, Jason Galanis, John Galanis, Jared Galanis, Gary Hirst, Derek Galanis, and Gavin Hamels engaged in a scheme to defraud the shareholders of a publicly traded company called Gerova Financial Group, Ltd. ("Gerova"), and the investing public, by obtaining secret control over millions of shares of Gerova stock and then manipulating the market for the stock as the defendants caused their secretly held shares to be sold.  As part of the scheme, the defendants fraudulently generated demand for Gerova stock by bribing investment advisers to purchase for client accounts the Gerova stock that was sold by the defendants, thereby enabling the defendants to cash out from the scheme and make millions of dollars in illegal profits.

As a part of the scheme to defraud, Jason Galanis obtained sufficient control over Gerova so as to be able to cause Gerova to enter into transactions of his design, and for his benefit, including the issuance of Gerova stock.  Jason Galanis obtained this control without identifying himself as an officer or director of Gerova to avoid an SEC-imposed bar that prohibited him from holding such positions at publicly traded companies for five years from the date of its imposition in 2007.  Among other means and methods, Jason Galanis, with the assistance of Gary Hirst, caused more than five million shares of Gerova stock, which represented nearly half

---

[1] The criminal action differs from this civil action in two respects.  First, the criminal action charges an additional defendant, Ymer Shahini, who was not named as a defendant in this civil action.  Second, the criminal action charges an additional fraudulent scheme that is not part of this civil action.

the company's public float and which was intended for Jason Galanis's ultimate benefit, to be issued to and held in the name of a foreign nominee.   The defendants understood that the purpose of the stock grant to the foreign nominee was to disguise Jason Galanis's ownership interest in the stock, and to evade the SEC's regulations for issuing unregistered shares of stock.

At the same time, and as a further part of the scheme to defraud, John Galanis, Jared Galanis, and Derek Galanis, among others, with the knowledge and approval of Jason Galanis, opened and managed brokerage accounts in the name of the foreign nominee, effected the sale of Gerova stock from these accounts, and received and concealed the proceeds, knowing that this activity was designed to conceal from the investing public Jason Galanis's ownership of and control over the Gerova stock.

Jason Galanis and Jared Galanis also fraudulently induced investment advisers, including Gavin Hamels and others, to purchase shares of Gerova stock in the investment advisers' client accounts by offering compensation and/or other benefits to the respective investment adviser. By causing the purchase of Gerova stock at the time, quantity, and/or price of their choosing, Jason Galanis and Jared Galanis were able to, among other things, effectuate the sale of large quantities of Gerova stock from the foreign nominee's accounts that Jason Galanis controlled while artificially maintaining the price of Gerova stock through coordinated match trading. Such coordinated trading served to manipulate the market for Gerova stock and deceive the investing public.   As a result, Jason Galanis and his co-conspirators reaped nearly $20 million in profits.

A grand jury sitting in the Southern District of New York returned an indictment against the defendants in this matter on September 21, 2015, which was unsealed on September 24, 2015.   The Indictment charged the defendants in this matter with the following charges:

| COUNT | CHARGE | DEFENDANTS |
|---|---|---|
| 1 | Conspiracy to Commit Securities Fraud   (18 U.S.C. § 371) | JASON GALANIS<br>JOHN GALANIS<br>JARED GALANIS<br>GARY HIRST<br>DEREK GALANIS<br>YMER SHAHINI<br>GAVIN HAMELS |
| 2 | Securities Fraud (15 U.S.C. §§ 78j(b) & 78ff; 17 C.F.R. § 240.10b-5; 18 U.S.C. § 2) | JASON GALANIS<br>JOHN GALANIS<br>JARED GALANIS<br>GARY HIRST<br>DEREK GALANIS<br>YMER SHAHINI<br>GAVIN HAMELS |
| 3 | Conspiracy to Commit Wire Fraud (18 U.S.C. § 1349) | JASON GALANIS<br>JOHN GALANIS<br>JARED GALANIS<br>GARY HIRST<br>DEREK GALANIS<br>YMER SHAHINI |
| 4 | Wire Fraud (18 U.S.C. §§ 1343 and 2) | JASON GALANIS<br>JOHN GALANIS<br>JARED GALANIS<br>GARY HIRST<br>DEREK GALANIS<br>YMER SHAHINI |
| 5 | Investment Adviser Fraud (15 U.S.C. §§ 80b-6 & 80b-17; 18 U.S.C. § 2) | JASON GALANIS<br>JARED GALANIS<br>GAVIN HAMELS |
| 6 | Investment Adviser Fraud (15 U.S.C. §§ 80b-6 & 80b-17; 18 U.S.C. § 2) | JASON GALANIS<br>JARED GALANIS |
| 7 | Investment Adviser Fraud (15 U.S.C. §§ 80b-6 & 80b-17; 18 U.S.C. § 2) | JASON GALANIS |
| 8 | Conspiracy to Commit Securities Fraud   (18 U.S.C. § 371) | JASON GALANIS<br>JARED GALANIS |

| | | |
|---|---|---|
| 9 | Securities Fraud (15 U.S.C. §§ 78j(b) & 78ff; 17 C.F.R. § 240.10b-5; 18 U.S.C. § 2) | JASON GALANIS<br>JARED GALANIS |

Jason Galanis and Jared Galanis were arrested on these charges on September 24, 2015, and released on a bond later that same day.   John Galanis and Derek Galanis surrendered to federal agents on September 24, 2015, and were released on a bond later that same day.   Gary Hirst surrendered to federal agents on September 25, 2015, and was released on a bond later that same day.   Gavin Hamels surrendered to federal agents on September 28, 2015, and was released on a bond later that same day.   The SEC's complaint in this matter was filed on September 24, 2015.

## ARGUMENT

The Government's requests to intervene and for a limited stay of this civil action should be granted.   If full-fledged civil discovery were to proceed at this time, there would be a risk of significant interference with the criminal case.   On the other hand, a stay of depositions, interrogatories, requests for admission, and the production of transcripts of SEC testimony and notes of interviews with, and any form of discovery that would create statements of, any person whom the Government asserts may be called as a witness in the criminal prosecution (the "3500 Material") would prejudice none of the parties to this civil action.    Moreover, the requested stay would preserve the Court's resources because many of the issues presented by the civil action will be resolved in the criminal action.

## I.    THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may intervene as of right in an action when the applicant "claims an interest relating to the property or transaction

that is the subject of the action" and the applicant "is so situated that 'disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests. . . .'" Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact." The Government respectfully submits that its application satisfies both of these provisions given the effect this civil proceeding would have on the criminal action and the identity of claims and facts between the parallel actions.

As a general rule, courts "have allowed the government to intervene in civil actions—especially when the Government wishes to do so for the limited purpose of moving to stay discovery." *Twenty First Century Corp.* v. *LaBianca*, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992); *see also SEC* v. *Credit Bancorp.*, 297 F.3d 127, 130 (2d Cir. 2002). The Government has a "discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *SEC* v. *Chestman*, 861 F.2d 49, 50 (2d Cir. 1988).

As an initial matter, intervention is warranted because the Government's interests in upholding the public interest in enforcement of the criminal laws cannot be protected adequately by the existing parties in this civil litigation, none of whom represent the Government's interests with respect to the investigation and enforcement of federal criminal statutes. *See Bureerong* v. *Uvawas*, 167 F.R.D. 83 (C.D.Cal. 1996) ("the Government's prosecutorial and investigative interest is not adequately protected by any of the civil parties . . . . Clearly neither the plaintiff or the defendants have this identical interest.").

Moreover, a trial in this action in advance of a related criminal trial could impair or impede the Government's ability to protect its interests in the enforcement of federal criminal law. This

6

case and the related criminal case arise from the same alleged scheme to issue freely trading shares of Gerova and manipulate the trading market for those shares.  Holding a civil trial before a criminal trial would create the possibility that there will be two trials covering the same acts of market manipulation.  This raises the probability that witnesses will be unnecessarily burdened by having to testify twice.  In light of those circumstances, the Government respectfully submits that its application to intervene should be granted.

## II. A LIMITED STAY OF DISCOVERY IS APPROPRIATE

### A. Applicable Law

This Court has the inherent power to stay discovery in the interests of justice pending the completion of a parallel criminal trial.  *See Kashi* v. *Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal citations and quotations omitted).  When considering whether to grant a stay, courts balance the following factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest.

*SEC* v. *Treadway*, No. 04 Civ. 3464 (VM) (JCF), 2005 WL 713826, at *2-*3 (S.D.N.Y. March 30, 2005) (quoting *In re Worldcom, Inc. Sec. Litig.*, Nos. 02 Civ. 3288, 02 Civ. 4816, 2002 WL 31729501, at *4 (S.D.N.Y. Dec. 5, 2002)); *see also Volmar Distrib., Inc.* v. *New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (listing similar factors).  "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice."  *Id.*

**B.     Discussion**

Application of these factors here overwhelmingly weighs in favor of the limited stay sought by the Government.

### 1.     *The Extent of Overlap*

That the criminal and civil cases involve nearly identical facts and issues weighs heavily in favor of a stay.   "The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues."   *Volmar Distrib.*, 152 F.R.D. at 39 (citing Judge Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989)); *see also Parker* v. *Dawson*, No. 06 Civ. 6191 (JFB), 2007 WL 2462677, at *4 (E.D.N.Y. Aug. 27, 2007) (same); *United States* v. *One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("Where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter.").

Here, the SEC and criminal actions describe the same alleged scheme to issue freely trading shares of Gerova and manipulate the trading market for those shares, involving the same participants and the same course of conduct.   In short, the cases involve virtually identical facts, parties, and issues.   As a result, this factor weighs heavily in favor of a stay.

### 2.     *Status of the Criminal Case*

The return of an indictment in the criminal case is also a factor that weighs in favor of a stay.   *In re Par Pharm, Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment."); *Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al.* v. *Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) ("A stay of

8

a civil case is most appropriate when a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved.")   Thus, this factor also militates in favor of a stay.

### 3. *Prejudice to the Parties*

No prejudice to the parties will result from the very limited stay requested by the Government. The Government seeks to stay only depositions, interrogatories, requests for admission, and production of the above-referenced 3500 Material.   In addition, there is currently no trial date in place, so there will be no undue delay in the proceedings as a result of the limited stay.   Finally, the SEC will produce document discovery (other than the 3500 Material), so the defendants will have opportunity to evaluate the evidence and prepare their defense.

### 4. *The Public Interest*

The Government and the public have an important interest in ensuring that civil discovery is not used to circumvent the restrictions that pertain to criminal discovery.

Rule 16 of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 3500 provide that in criminal cases, the statements of Government witnesses shall not be the subject of discovery "until said witness has testified on direct examination" at trial.   Thus, in the criminal action, the defendants would not be entitled to the balance of discovery that the Government is moving to stay until (or shortly before) trial.

Courts repeatedly have recognized that a civil litigant should not be allowed to use civil discovery to avoid the restrictions that would otherwise apply in criminal discovery to a criminal

9

defendant.  *See SEC* v. *Beacon Hill Asset Management LLC*, No. 02 Civ. 8855 (LAK), 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in granting government's motion to stay, court noted: "The principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases."); *Phillip Morris Inc.* v. *Heinrich*, No. 95 Civ. 328 (LMM), 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (granting stay motion because of government's justification that if "civil discovery is not stayed, the criminal investigation will be prejudiced, as the Defendants may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules."); *Bd. of Governors of the Federal Reserve System* v. *Pharaon*, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("'A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial.'") (quoting *Campbell* v. *Eastland*, 307 F.2d 478, 487 (5th Cir. 1952)).

Therefore, in order to avoid circumvention of the criminal discovery restrictions, and because the defendants will not in any way be prejudiced in preparing and defending themselves, this factor weighs in favor of the Government's application.

### 5. *The Interests of the Courts*

Considerations of judicial economy also weigh in favor of granting a stay.   Issues common to both cases can be resolved in the criminal proceeding, thereby simplifying the civil action.  *See SEC* v. *Contorinis*, No. 09 Civ. 1043 (RJS), 2012 WL 512626, at *2 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding"); *Twenty First Century Corp.*, 801 F. Supp. at 1010-11 (recognizing

judicial economy as a factor to be considered).   Because the criminal case's outcome could directly affect the conduct, scope, and result of the civil proceeding, this factor favors the Government's application.

*          *          *

In sum, and as set forth above, the Government has requested a limited stay of discovery; there is considerable overlap between the parallel proceedings; charges have been filed in the criminal case; there is no prejudice to the parties from the requested stay; there is a strong public interest in preventing the civil discovery rules from being used to improperly obtain discovery in the criminal case; and judicial economy is ensured from the requested stay.   Therefore, the balance of factors overwhelmingly favors the requested discovery stay.

## **CONCLUSION**

For the reasons set forth above, the Government respectfully requests that its application to intervene and for a limited stay of depositions, interrogatories, requests for admission, and discovery of the 3500 Material, be granted in its entirety.

Dated: New York, New York
October 19, 2015

>Respectfully submitted,
>
>PREET BHARARA
>United States Attorney

By: \_\_\_/s/_____
BRIAN R. BLAIS
ANDREW BAUER
AIMEE HECTOR
DINA MCLEOD
Assistant United States Attorneys
One Saint Andrew's Plaza
New York, New York 10007
Telephone: (212) 637-2521/2354/2203/1040
Facsimile: (212) 637-2452